UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL L. MEIER, | ) |
| Plaintiff, | ) Case No. 5:06-cv-147 |
| v. | ) Honorable Robert Holmes Bell |
| DETROIT DIESEL CORPORATION, | ) **MEMORANDUM OPINION** |
| Defendant. | ) |

This is a civil action brought by a *pro se* plaintiff against his former employer, Detroit Diesel Corporation. In response to a motion to dismiss filed by defendant, U.S. Magistrate Judge Joseph G. Scoville filed a report and recommendation (docket # 5) recommending that the case be dismissed for lack of subject-matter jurisdiction. The report and recommendation pointed out that all causes of action set forth in the complaint (defamation, libel, slander, fraud, assault, invasion of privacy, etc.) arise under state law and do not present any federal question. The magistrate judge also concluded that complete diversity of citizenship does not exist between the parties. Because the complaint does not allege a basis for federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332, the magistrate judge recommended dismissal for lack of subject matter jurisdiction.

Plaintiff has now filed objections to the report and recommendation (docket # 6). In his objections, plaintiff admits the lack of diversity of citizenship. Plaintiff asserts, however, that his claims arise under the United States Constitution or perhaps under 42 U.S.C. § 1983. On this

basis, plaintiff asks the court to reject the report and recommendation and, furthermore, seeks leave to amend his complaint to allege some unspecified federal claim.

The district court must afford *de novo* review to plaintiff's objections. *See* FED. R. CIV. P. § 72(b). A *de novo* review of plaintiff's objections reveals that they are completely without merit. As noted by the magistrate judge, federal courts are of limited jurisdiction, and the burden is on plaintiff to invoke the court's jurisdiction with proper allegations establishing either federal question or diversity jurisdiction. Plaintiff now admits that diversity of citizenship does not exist, but asks the court to allow him to amend his complaint to allege a federal cause of action. Although plaintiff does not inform the court of the precise nature of his federal claim, he does invoke both the Constitution and 42 U.S.C. § 1983. An attempt to allege a federal claim under the Constitution would be futile, as the defendant is a private corporation, and the constitutional guarantees of due process and equal protection apply only to the federal governments and to the states. *See Alexander v. Pathfinder, Inc.*, 189 F.3d 735, 740 (8th Cir. 1999). Likewise, claims under 42 U.S.C. § 1983 can only be brought against state employees or those acting under color of state law. *See McCarthy v. Middle Tenn. Elec. Membership Corp.*, 466 F.3d 399, 411 (6th Cir. 2006). Again, Detroit Diesel Corporation could not possibly be a proper defendant. The nature of plaintiff's federal claim must appear from the allegations of his well-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109 (1936); *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006). Plaintiff's complaint discloses only the existence of state-law claims, and his suggested federal causes of action are meritless on their face. Consequently, amendment of the complaint in these circumstances would be futile and should not be allowed.

Upon *de novo* review of the report and recommendation of the magistrate judge, the court concludes that plaintiff is attempting to bring state-law claims in a federal court without the requisite diversity of citizenship.  Any effort to amend the complaint to allege the constitutional claim would be frivolous.  The court will therefore dismiss the complaint for lack of subject-matter jurisdiction.


Date:     November 28, 2006                    /s/ Robert Holmes Bell
                                               ROBERT HOLMES BELL
                                               CHIEF UNITED STATES DISTRICT JUDGE